■ BLOSSOM NEIMAN, Respondent, v LEONARD NEIMAN, Appellant. — Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered April 27, 1984, denying defendant's motion for summary judgment and granting plaintiff's cross motion to the extent of compelling defendant to produce all documents demanded in plaintiff's notices to produce, unanimously modified, on the law and the facts, to include, as a final decretal paragraph, a proviso that all claims asserted by plaintiff in her complaint as well as all claims asserted by defendant in his counterclaim which arose prior to six years before the commencement of the action are barred under CPLR 213, and is otherwise affirmed, without costs.

Plaintiff brought this action to recover under the escalation provision contained in a separation agreement subsequently incorporated, but not merged into, a divorce decree. Defendant counterclaimed, alleging overpayments. The agreement was entered into on September 29, 1967 and was followed by a Mexican divorce entered on October 3, 1967. The agreement provided for alimony and for support and maintenance of the child of the marriage. It also provided for escalation of alimony and support and maintenance in the event that defendant's income exceeded a certain amount.

In March 1983, plaintiff brought action against defendant seeking a determination of the amounts due under the escalation clause and payment thereof. The defendant counterclaimed, alleging that pursuant to a stipulation between the parties, he had paid to plaintiff an amount in excess of the sums specified in the separation agreement and, to the extent that the sums paid exceeded the sums to which plaintiff was entitled under the separation agreement, he sought recoupment.

Defendant thereafter moved for summary judgment and plaintiff cross-moved to compel production of financial records previously sought in two notices to produce. Special Term granted plaintiff's cross motion. It denied the motion for summary judgment, noting the existence of questions of fact. In so doing, however, it noted correctly that all claims by both parties antedating the commencement of the action by six years were barred by CPLR 213. However, no such provision was contained in the order subsequently entered. We modify to the extent only of including a decretal paragraph so providing in the order. Concur — Sandler, J. P., Bloom, Fein and Milonas, JJ.